## Calhoun *et al. v.* Matlock.

The return of the sheriff must show, within itself, that the writ was executed, a sufficient number of days before the return day, to entitle the plaintiff to his judgment. A judgment by default, in absence of such showing, is irregular.

The statute makes it the duty of the officer to mark on the process the day it is received, and the time when executed.

ERROR to the circuit court of Madison county.

Calhoun, for plaintiff in error.

Hughes, *contra.*

Mr. Justice TROTTER delivered the opinion of the court.

This case came up on a writ of error to the Madison circuit· court. James Matlock, the defendant, instituted an action of *indebitatus assumpsit* in the circuit court of Madison county, upon a promissory note made by the plaintiffs, and one P. C. Goosey, for the sum of two thousand and thirty dollars. The writ was returnable to the March term, 1835, of that court, and was regularly executed upon Mitchel Calhoun, one of the plaintiffs, on the 28th of February, 1835. It was subsequently executed on Henry Calhoun, in March of the same year, but the day of the month is not stated by the officer who returned it. The action was discontinued against Goosey, and at the return term of the process, a judgment by default was entered by the court against Mitchel and Henry Calhoun, for the sum demanded in the declaration. The record does not state, on which day of the term the judgment was rendered.

There are several errors assigned by the plaintiffs, all of which, however, were abandoned on the argument, except the first. The court does not, therefore, deem it necessary to notice the others. The plaintiffs in error insist, that the court below erred in rendering a judgment by default, against them, because the writ was

[Calhoun *et al. v.* Matlock.]

not executed on Henry Calhoun, a sufficient length of time before the return day of the same, to give the court jurisdiction. The term commenced on the first Monday, after the fourth Monday of March, 1835. The writ was served on H. Calhoun in March. If the record showed that the judgment was rendered on the second day of the term, which is the usual day for such judgments, under the rules of practice in this state it would be essential to its validity, that the service of the writ on Henry Calhoun, as well as Mitchell Calhoun, was made twenty days before the return day thereof. If the court were permitted to indulge in presumption, in such a case, the endorsement on the writ, the notification that the declaration had been filed at the time of issuing it, and that judgment would be required at the return term, all concurring to show that the plaintiff below was proceeding under the provision of the 45th section of the Circuit Court Law, all these facts, would leave but little room for doubt, that the judgment was taken on the second day of the term. To sustain it, this court would be forced to go further, and presume that the service of the writ on H. Calhoun, was made during some one of the first days of March. But this they do not conceive themselves authorised to do; as there is no legal criterion known to them, by which they can presume it to have been upon the first, rather than the last day of the month. The statute directs the sheriff or other officer, in express words, to mark upon the writ the day of the month and year, it came into his hands, as well as that of its execution. The court can look alone to his official return for its authority to proceed.

If it is ambiguous, it can be explained only by an amendment of the return, made with the permission of the court. The court below could not, therefore, render the judgment in this case, on the second day of the term, because the return of the officer does not, and could not, satisfy the court, that the writ had been executed at least twenty days before the return day thereof.

It was insisted by the counsel for the defendant in error, that as the record does not show that the judgment was taken on the second day of the term, the court may presume it to have been taken on any subsequent day which would be regular, if there were five days between the last day of March and the com-

[Calhoun *et al. v.* Matlock.]

mencement of the term. But there cannot, by any possibility, be five days between the end of the month of March and the time then fixed for the holding of the court, and unless the writ was executed five days before the day of its return, the cause stood continued until the next term, and the court had no power to pronounce the judgment which it did.

For these reasons, the judgment of the circuit court must be reversed, and the cause remanded for further proceedings.

In this opinion the court are unanimous.